UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| DAVID ANDREW TERRELL, | ) | CASE NO. 08-60172 |
| | ) | |
| Debtor. | ) | JUDGE RUSS KENDIG |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT INTENDED FOR** |
| | ) | **PUBLICATION)** |

    Chapter 13 trustee Toby L. Rosen (hereafter "Trustee") filed an objection opposing confirmation of Debtor's amended plan under the authority of 11 U.S.C. § 1325(a) and (b), alleging that Debtor's plan was not filed in good faith and Debtor was not fully applying his projected disposable income into the plan. Trustee argues that Debtor improperly claimed a payment for a second mortgage on Form B22C (hereafter "B22C" or "means test"), Line 47b when Debtor intends to "strip" that mortgage in the amended plan. According to Trustee, if Debtor did not take the deduction, he would have additional disposable income to distribute to unsecured creditors. Debtor contends that the deduction is a fully supported, allowable expense for determining his disposable income on the means test.

    The Court conducted an evidentiary hearing on May 14, 2008. The hearing was attended by Trustee; counsel for Trustee, Robert H. Harbert; and counsel for Debtor, Donald M. Miller. Following the hearing, the Court established a briefing schedule, which was extended by the parties. The Court now has the benefit of written arguments on the issue.

    The court has jurisdiction of this case pursuant to 28 U.S.C. §§ 1334 and the general order of reference entered in this district on July 16, 1984. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409. The following constitutes the court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

    This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## FACTS

    Debtor commenced a chapter 13 case on January 25, 2008. Schedule A of the petition discloses ownership of real estate at 1650 Cadney St., N.E., Canton, Ohio. Debtor scheduled two mortgages against the property on Schedule D: a first mortgage in favor of Option One Mortgage for $212,000.00 and a second mortgage benefitting HSBC Mortgage Services (hereafter "HSBC"), with a claimed value of $49,000.00. The latter mortgage was determined to be wholly unsecured in an order dated June 9, 2008.

    Debtor has filed two plans during this case, one dated January 25, 2008 and an

amended plan dated March 17, 2008. Both plans propose to deem the HSBC mortgage "stripped and not secured." Consequently, HSBC is not scheduled to receive a monthly payment amount from Trustee on its secured claim, but rather would only participate in the distribution to unsecured creditors. Under the amended plan, no dividend is to be paid to unsecured creditors. The plan proposes to pay the first mortgage, and the disputed arrears on that mortgage, as well as secured claims for a computer and a vehicle.

On the B22C filed with the petition, Debtor's calculations resulted in negative disposable income. Debtor later amended the B22C to reflect disposable income in the amount of $58.00. This figure results from reducing Debtor's current monthly income of $7,045.00 by Debtor's claimed expenses of $6,987.00 as itemized on the means test. Under the "Deductions for Debt Payment" portion of the means test, Debtor included the contractual mortgage payment of $628.00 owing HSBC. Debtor also deducted $40.00 on line 48 as the cure amount for the HSBC mortgage. Debtor is divorced and claims a household size of one. Debtor's income exceeds the median income for a family of one in the State of Ohio.

## **LAW AND ANALYSIS**

Trustee accurately frames the issue: Does 11 U.S.C. § 707(b)(2)(A)(iii), as incorporated into 11 U.S.C. § 1325(b), permit the debtor to reduce his disposable income on the means test by deducting a payment for a second mortgage which is not being paid as a secured debt through the plan, but is being stripped and avoided? (Trustee's Br., p. 1 (with alterations)). Trustee answers the question negatively, arguing that Debtor's utilization of the mortgage payment as a secured deduction on the means test is in bad faith when Debtor's plan proposes to strip the mortgage and the mortgage company is not receiving the payment that is contractually due. Further, Trustee also claims that this action violates section 1325 because it results in Debtor paying less than his actual disposable income into the plan. Debtor, in turn, argues that he is entitled to deduct the mortgage because, as of the date of filing, it was contractually due.

In the face of an objection to confirmation, the bankruptcy code provides that:

> the court may not approve the plan unless, as of the effective date of the plan–
>
> \* \* \* \* \*
>
> (B)   the plan provides that all of debtor's projected
>       disposable income to be received in the applicable
>       commitment period beginning on the date that
>       the first payment is due under the plan will be
>       applied to make payments to unsecured creditors
>       under the plan.

11 U.S.C. § 1325(b)(1)(B). Although "projected disposable income" is not defined, "disposable income" is defined as "current monthly income received by the debtor . . . less amounts reasonably necessary to be expended" for maintenance and support of

debtor and a debtor's dependents, charitable contributions, and necessary business expenses. 11 U.S.C. § 1325(b)(2)(A). Section 1325(b)(3) offers further elucidation of how to calculate disposable income by defining "amounts reasonably necessary to be expended" as the amounts which are permissible deductions from "current monthly income":

> Amounts reasonably necessary to be expended under paragraph (2), other than subparagraph (A)(ii) of paragraph (2), shall be determined in accordance with subparagraphs (A) and (B) of section 707(b)(2), if the debtor has current monthly income, when multiplied by 12, greater than--
>
> (A) in the case of a debtor in a household of 1 person, the median family income of the applicable state for 1 earner.

Since Debtor's income exceeds the median income in Ohio for a family of one, the "amounts reasonably necessary to be expended" are calculated by looking at section 707(b)(2). The pertinent provision on these facts, where secured debt is involved, is section 707(b)(2)(A)(iii):

> (iii) The debtor's average monthly payments on account of secured debts shall be calculated as the sum of--
>
> (I) the total of all amounts scheduled as contractually due to secured creditors in each month of the 60 months following the date of the petition; and
>
> (II) any additional payments to secured creditors necessary for the debtor, in filing a plan under chapter 13 of this title, to maintain possession of the debtor's primary residence, motor vehicle, or other property necessary for the support of the debtor and the debtor's dependents, that serves as collateral for secured debts; divided by 60.

11 U.S.C. § 707(b)(2)(A)(iii). Debtor relies on subparagraphs I and II for his deductions for the second mortgage payment and arrears on the means test.

Each of the parties has cited multiples authorities supporting their respective positions, so this is obviously a murky arena. Trustee relies primarily on In re Smith, 383 B.R. 441 (Bankr. E.D. Wis. 2008), and In re McGillis, 370 B.R. 720 (Bankr. W.D. Mich. 2007). On Debtor's side, the main cases are In re Anderson, 383 B.R. 699 (Bankr. S.D.

Ohio 2008) and In re Burmeister, 378 B.R. 227 (Bankr. N.D. Ill. 2007). The Court notes that only one of these cases, McGillis, actually involves a similar fact pattern of an avoided mortgage; the other cases all involve inclusion of a secured debt on the means test when the debtor proposes to surrender the property serving as collateral and therefore will not be paying the claimed expense.

In light of the numerous opinions that address this issue, the Court will only provide a cursory review of the cited case law. Although Smith and McGillis reach the same conclusion, it is by distinct reasoning. Smith represents the more mainstream view in cases favoring the position taken by Trustee, and it specifically rejects the McGillis analysis. In Smith, the court found that the distinguishing point between a chapter 7 case and a chapter 13 case was the language of section 1325(b), "as of the effective date of the plan." According to the Smith court, unlike a chapter 7 case, where the expenses are viewed as of the filing date of the petition, the court found that the "effective date" phrase imposed a different timing element, specifically directing a court to review disposable income as of the confirmation date, not the petition date. Following this to its end, on the confirmation date, a debtor who has avoided a mortgage no longer is paying the debt as a secured debt, but rather is paying it as an unsecured debt. As a result, the debtor cannot claim it as a secured debt on the means test.

McGillis, on the other hand, looked at the issue from the standpoint of whether the expenses were reasonably necessary for support and maintenance, as required by section 1325(b)(2)(A), ultimately finding that "phantom payments . . . do not meet this criteria." McGillis at 730. Smith rejected this reasoning, concluding that what is "'reasonably necessary' in § 1325(b)(3) is not superfluous–it is the very term that the section defines . . . [and] [f]or that reason, this Court does not agree that courts may conduct a separate 'reasonably necessary' analysis beyond § 707(b)(2)." Smith at 448. Also worth mentioning is the line of cases which find that a plan creates a new contract between a debtor and a creditor, so the plan, or new "contract," controls what debts are determined to be "contractually due." See Smith at 450 (citing the following cases: In re McPherson, 350 B.R. 38 (Bankr W.D. Va. 2006); In re Crittendon, 2006 WL 2547102 (Bankr. M.D.N.C. 2006), In re Edmunds, 350 B.R. 636 (Bankr. D.S.C. 2006); In re Spurgeon, 378 B.R. 197 (Bankr. E.D. Tenn. 2007)).

What is abundantly clear from the cases favoring Trustee is this: there is something innately incongruous in allowing a debtor to deduct an expense which will not be paid. The Court fully agrees that this is unseemly. However, what is unseemly is not necessarily legally incorrect. This is born out by the line of cases supporting Debtor's position. In Anderson, debts "contractually due" were determined by the date they were scheduled, the petition date. Anderson at 707. Since debtors had scheduled and were contractually obligated on the secured debts as of the petition date, they were permitted to use those debts to reduce their current monthly income. Notably, Anderson did not address the phrase "as of the effective date of the plan," but Burmeister, the other case heavily relied on by Debtor, did. Burmeister found that "as of the effective date" determined only when a court looked at whether the projected disposable income was being submitted to the plan and had no bearing on how it was calculated. Burmeister recognized the inherent unfairness of allowing the deduction, but stated that modification was available as a remedy.

In addition to the above cases, the Court has also found three cases which are directly on point and cited by neither party. *See* In re Hoss, 2008 WL 3854448 (Bankr. D. Kan. 2008); In re Fager, 2008 WL 249764 (Bankr. D. Neb. 2008); In re Sackett, 374 B.R. 70 (Bankr. W.D.N.Y. 2007). All of these cases find in favor of Trustee and use the confirmation date, the "effective date of the plan," as the date for determining whether 11 U.S.C. § 1325(b)(1)(B) is satisfied. Considering McGillis, another avoided mortgage case, the case law on-point weighs heavily in favor of Trustee.

The Court agrees with this line of authority and finds that the effective date of the plan is the controlling date for the determination of the amount of disposable income. When a lien has been avoided, the payments on that lien cannot be used to reduce a debtor's current monthly income on the means test. Once avoided, the debt is not a "contractually due" secured debt. *See also* Lane v. Western Interstate Bancorp (In re Lane), 280 F.3d 663 (6th Cir. 2002). As a result, Debtor's deduction of the second mortgage payment on the means test is not appropriate and Trustee's objection is sustained.

An order shall be entered immediately.

/s/ Russ Kendig

---

RUSS KENDIG
U.S. BANKRUPTCY JUDGE

**Service List**:

David Andrew Terrell
1650 Cadney NE
Canton, OH 44714

Donald M Miller
1400 Market Ave N
Canton, OH 44714-2608

Toby L Rosen
Charter One Bank Bldg, 4th Floor
400 W Tuscarawas St
Canton, OH 44702